UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KELVIN BLAYNE SMITH,

        Plaintiff,

v.

        Case No. 23-cv-1182-pp

KOHLER COMPANY,

        Defendant.

## ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

This case arises out of the plaintiff's termination after he refused to comply with his employer's COVID-19 vaccination or testing requirements, which the plaintiff contends constitutes religious discrimination. Dkt. No. 2. On July 30, 2025, the court granted the defendants' motions to dismiss the plaintiff's amended complaint. Dkt. No. 24. The court dismissed with prejudice all claims against UAW Local 833 because the plaintiff's claims arising out of the collective bargaining agreement were time-barred. Id. at 25. The court gave the plaintiff permission to file a second amended complaint stating his claims against Kohler; it required him to file that amended complaint in time for the court to receive it by the end of the day on September 5, 2025. Id. at 27. The court gave the plaintiff specific instructions on how to present his second amended complaint to the court:

> Along with this order, the court is sending the plaintiff a blank amended complaint form. He should write the case number for this case—23-cv-1182—in the space where it says "Case Number" on the

1

> first page. He should write "Second" above the word Amended at the top of the first page. He may use the lines on pages 2-3 to describe the facts that give rise to his claims against Kohler. If he needs more space, the plaintiff may use ***no more than*** five, double-spaced additional pages to lay out the facts of his claims against Kohler.

Id. at 26. The court advised the plaintiff that the second amended complaint would supersede, or take the place of, the original and amended complaints, so the court would consider only the facts and information the plaintiff included in his second amended complaint. Id.

On September 5, 2025, the court received from the plaintiff a document titled "Plaintiff's Response to Chief Judge Pamela Pepper's July 30, 2025, response." Dkt. No. 25. This document appears to be a combination of a complaint, a default judgment motion and a summary judgment motion. The plaintiff states that

> [t]he current attempt to demand yet another second amended complaint disregards the record already on file(September 27, 2023, DKT 2). What the Court now demands would constitute a third Amended Complaint, which is not required by any statute, rule, or controlling precedent. Plaintiff refuses to abandon or supersede his prior filings, exhibits, and affidavits, and instead stands on the record already before the Court.

Id. at 4. With his response, the plaintiff filed an "affidavit of truth and fact" reiterating the alleged facts supporting his claim of religious discrimination. Dkt. No. 26. The plaintiff also filed an affidavit from LeRoy J. Becker, describing Kohler's alleged denial of Becker's own request for a religious exemption from the company's vaccination or testing requirement. Dkt. No. 27.

The plaintiff's "response" does not comply with the court's July 30, 2025 order. The plaintiff did not use the court's amended complaint form. He did not

2

describe the facts giving rise to his claim against Kohler. He included claims against UAW Local 833 that the court already has dismissed with prejudice and without leave to amend. If the plaintiff intended this document to be a summary judgment motion or a default judgment motion, it is premature because currently there is no operative complaint. Despite the plaintiff's assertions in his response, the court's dismissal of his amended complaint means that complaint no is longer operative. He cannot "refuse[] to abandon or supersede his prior filings." This court has the authority to dismiss a complaint and grant the plaintiff leave to file an amended complaint. See Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana, 786 F.3d 510, 519 (7th Cir. 2015) ("Ordinarily, however, a plaintiff whose original complaint has been dismissed under Rule 12(b)(6) should be given at least one opportunity to try to amend [his] complaint before the entire action is dismissed."). If the plaintiff chooses not to file an amended complaint, the court may dismiss the case entirely for the plaintiff's failure to state a claim.

 Because the plaintiff is representing himself and may not be aware of these rules, the court will give the plaintiff *one, final* opportunity to file a second amended complaint that complies with the court's orders. The court will send the plaintiff another blank amended complaint form with this order. The plaintiff must include all the relevant facts of his claims against defendant Kohler in this complaint. The plaintiff may not refer to facts alleged in other filings. The plaintiff may not bring any claims against UAW Local 833 because the court has dismissed the claims against UAW Local 833 with prejudice and

3

without leave to amend. If the plaintiff does not file a second amended complaint *on the court's form* by the end of the day on the date the court sets below, the court will dismiss this case with prejudice for the plaintiff's failure to comply with the court's orders. The court reiterates that if the plaintiff files another noncompliant document instead of a valid second amended complaint, ***the court will immediately dismiss the case with prejudice.***

The court **ORDERS** that if the plaintiff wishes to proceed with this case, he must file a second amended complaint that complies with this order and the court's July 30, 2025 order in time for the court to *receive it* by the end of the day on **October 24, 2025**. If the court does not receive a second amended complaint by the end of the day on October 24, 2025, it will dismiss this case with prejudice the next business day without further notice or hearing.

Dated in Milwaukee, Wisconsin this 10th day of October, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER
Chief United States District Judge**